

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700          (973) 645-2700
Newark, New Jersey  07102

DS/PL AGR
2016R00453

RECEIVED
AUG 3 1 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

May 22, 2017

Robert Heim
Meyers & Heim LLP
1350 Broadway, Suite 514
New York, NY 10018

Re:  Plea Agreement with EVAN KITA
     Criminal no. 17-347-01 (MAS)

Dear Mr. Heim:

This letter sets forth the plea agreement between your client, EVAN KITA, and the United States Attorney for the District of New Jersey ("this Office"). This plea offer will expire if an executed copy is not received by this Office by 5 p.m. on June 16, 2017.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from EVAN KITA to a two-count Information that charges in Count 1 that EVAN KITA conspired to commit securities fraud in violation of 18 U.S.C. § 371, and in Count 2 that EVAN KITA committed securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2. If EVAN KITA enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against EVAN KITA for conspiring with others to commit securities fraud, and for committing securities fraud, by engaging in an insider trading scheme that obtained and traded on material non-public information related to Celator Pharmaceuticals between in or about March 2016 through in or about May 2017. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, EVAN KITA agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by EVAN KITA may be commenced against him,

notwithstanding the expiration of the limitations period after EVAN KITA signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 371 to which EVAN KITA agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5, to which EVAN KITA agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine of $5,000,000. The sentences on these counts may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon EVAN KITA is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence EVAN KITA ultimately will receive.

Further, in addition to imposing any other penalty on EVAN KITA, the sentencing judge: (1) will order EVAN KITA to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order EVAN KITA to pay restitution pursuant to 18 U.S.C. § 3663A; (3) may order EVAN KITA, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require EVAN KITA to serve a term of supervised release of not more than 3 years per count, which will begin at the expiration of any term of imprisonment imposed. Should EVAN KITA be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, EVAN KITA may be sentenced to not more than 2 years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on EVAN KITA by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of EVAN KITA's activities and relevant conduct with respect to this case.

Stipulations

This Office and EVAN KITA agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or EVAN KITA from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and EVAN KITA waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Defendant EVAN KITA consents to the entry of a criminal forfeiture money judgment in an amount to be agreed upon no later than thirty (30) days after the entry of defendant's guilty plea (the "Money Judgment"), representing the property constituting or derived, directly and indirectly, from proceeds traceable to the commission of the offenses charged in Counts 1 and 2 of the Information.

EVAN KITA further agrees to forfeit to the United States all of his right, title, and interest in the following specific property, which EVAN KITA admits has the requisite nexus to the said offenses and is therefore forfeitable to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (the "Specific Property"):

(a)   $8,920 surrendered to the FBI by EVAN KITA on or about April 7, 2017.

EVAN KITA hereby consents to the entry of a Preliminary Order of Forfeiture as to the Specific Property pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure as the United States Attorney's Office may request. The Specific Property will be applied to the Money Judgment, until the Money Judgment is satisfied in full. If the Specific Property exceeds the Money Judgment, the excess will be released after the entry of the final order of forfeiture, after the satisfaction of any financial penalties levied by the United States Securities and Exchange Commission ("SEC"), and after the satisfaction of any fines imposed by the court.

EVAN KITA understands and agrees that the government intends to seek forfeiture of substitute assets pursuant to 21 U.S.C. § 853(p) (incorporated by 28 U.S.C. § 2461(c)) as to any unpaid portion of the Money Judgment and any Specific Property if the criteria set forth in 21 U.S.C. § 853(p) are met.

The amount of money EVAN KITA has disgorged, surrendered, or paid to the SEC prior to the date of sentencing in connection with any civil enforcement proceeding brought by the SEC in connection with the scheme described in the Information will be credited toward the Money Judgment, in partial satisfaction thereof.

Payments of the Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102, Attention: Asset Forfeiture and Money Laundering Unit.

EVAN KITA further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981(a)(1)(C). EVAN KITA agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent EVAN KITA has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. EVAN KITA further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the Government and the execution of necessary documentation.

EVAN KITA further waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, EVAN KITA consents to the entry of judgment of forfeiture that will be final as to EVAN KITA prior to sentencing. EVAN KITA understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of EVAN KITA's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. EVAN KITA hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

EVAN KITA further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If EVAN KITA fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that EVAN KITA has intentionally failed to disclose assets on his Financial Disclosure Statement, EVAN KITA agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief. In addition, EVAN KITA consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, EVAN KITA knowingly and voluntarily waives his right to any required notice concerning the forfeiture of those assets and agrees to execute any documents necessary to effectuate the forfeiture of those assets.

Immigration Consequences

EVAN KITA understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. EVAN KITA understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. EVAN KITA wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. EVAN KITA understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, EVAN KITA waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against EVAN KITA. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service, Immigration and Customs Enforcement, and the SEC) or any third party from initiating or prosecuting any civil or administrative proceeding against EVAN KITA.

No provision of this agreement shall preclude EVAN KITA from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that EVAN KITA received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between EVAN KITA and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

> Very truly yours,
>
> WILLIAM E. FITZPATRICK
> Acting United States Attorney
>
> By: DANIEL SHAPIRO
> Assistant U.S. Attorney

APPROVED:

_____
PAUL MURPHY
Chief, Economic Crimes Unit

I have received this letter from my attorney, Robert Heim, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____         Date: 6/9/17
EVAN KITA

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____         Date: 6-9-17
Robert Heim, Esq.

Plea Agreement With EVAN KITA

Schedule A

1. This Office and EVAN KITA recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and EVAN KITA nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence EVAN KITA within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and EVAN KITA further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2016, applies in this case.

3. The parties agree that Counts 1 and 2 of the Information group together pursuant to U.S.S.G. § 3D1.2(d) (the "Group"). The parties further agree that the applicable Guidelines for the Group are U.S.S.G. § 2X1.1 (conspiracy) and U.S.S.G. § 2B1.4 (insider trading). These Guidelines carry a Base Offense Level of 8.

4. Specific Offense Characteristic § 2B1.4(b)(1) applies, which incorporates the table in § 2B1.1. Because the aggregate gain resulting from the insider trading scheme was more than $250,000, but not more than $550,000, pursuant to § 2B1.1(b)(1)(G), this Specific Offense Characteristic results in an increase of 12 levels.

5. EVAN KITA willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct, pursuant to U.S.S.G. § 3C1.1 and U.S.S.G. § 3C1.1 app. n. 4(D). This results in an increase of 2 levels.

6. The total Guidelines offense level applicable to EVAN KITA is therefore 22. See U.S.S.G. § 3D1.3(b).

7. As of the date of this letter, EVAN KITA has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if EVAN KITA's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, EVAN KITA has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this

Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in EVAN KITA's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) EVAN KITA enters a plea pursuant to this agreement, (b) this Office in its discretion determines that EVAN KITA's acceptance of responsibility has continued through the date of sentencing and EVAN KITA therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) EVAN KITA's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

      9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to EVAN KITA is 19 (the "agreed total Guidelines offense level").

      10. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

      11. EVAN KITA knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 23. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 23. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

      12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ, or motion not barred by the preceding paragraph.